UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 05-13-JBC**

**DONALD GAU,** **PLAINTIFF,**

**V.** **MEMORANDUM OPINION AND ORDER**

**JO ANNE BARNHART, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,** **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

The claimant, Donald Gau, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner. The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion for summary judgment and grant the Commissioner's motion for summary judgment.

**A.     Overview of the Process**

Judicial review of the ALJ's decision is limited to determining whether he employed the proper legal standards. *Cutlip v. Sec'y of Health and Human Serv.*, 25 F.3d 284, 286 (6th Cir. 1994)."This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Id.* The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, if substantial evidence supports the Commissioner's decision, this court will defer to that finding, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth*, 402 F.3d at 595 quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is performing substantial gainful activity; at Step 2 the ALJ determines if one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether or not the claimant can perform his past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform his past relevant work, whether significant numbers of other jobs exist in the national economy which he can perform. *See Preslar v. Sec'y of Health & Human Serv.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.    The ALJ's Determination**

In the first step of the evaluation, the ALJ determined that the claimant had not engaged in any substantially gainful activity since the alleged onset of his medical conditions. At the second and third steps of the evaluation, the ALJ

determined that the claimant's "coronary artery disease, tobacco abuse, degenerative disc disease in the lumbar spine, borderline intellectual functioning and organic disorder" were considered severe within the meaning of the Regulations, 20 C.F.R. §§ 404.1520(c); 416.920(b). However, these conditions did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation 4. At step four, the ALJ determined that the claimant could not perform any of his past relevant work. Although the ALJ found that the claimant had the residual functional capacity ("RFC") to perform light work, he also found that the claimant must avoid temperature extremes, concentrated dust, fumes and chemicals, and unprotected heights. Additionally, the claimant's borderline intelligence limited his ability to deal with work stresses, to function independently, and to understand, remember, and carry out complex instructions. Continuing to step 5, although the claimant did not have the ability to carry out the full range of light work, the ALJ found that there was a significant number of jobs in the national economy that he could perform. Therefore, the ALJ concluded that the claimant was not disabled.

**C.     Analysis**

In this case, the claimant had two opportunities to make his case before the ALJ. A hearing was held in October 2003, but was continued because the claimant's file was incomplete. On appeal to this court, the claimant alleges that the ALJ was prejudiced against him, that the ALJ's decision is not supported by evidence in the record, and that since the ALJ's decision his health has deteriorated

to the point where the ALJ would now find that he is disabled. For the following reasons, the court finds these arguments unpersuasive.

**1.     Prejudice**

Due process requires an impartial decision-maker in an administrative proceeding. *Schweiker v. McClure*, 456 U.S. 188, 195-96 (1982). However, there is a presumption of honesty and integrity in those serving as adjudicators. *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). The burden of overcoming this presumption is on the party asserting prejudice. *Schweiker*, 465 U.S. at 195-96. To rebut the presumption, the party must show some specific indicia of bias, such as a conflict of interest. *Id.* In this case, the claimant takes issue because the ALJ stated that the claimant was unprepared during the hearing.

The mere statement of the ALJ that the claimant was unprepared is insufficient to prove bias. Indeed, a review of the administrative record shows that the ALJ went to considerable lengths to develop the record and ensure that the claimant had an opportunity to be heard: the transcript shows that the ALJ thoroughly questioned the claimant about his medical impairments, daily activities, and work history. Additionally, in determining the claimant's disability, the ALJ had the benefit of expert medical testimony and consultative mental evaluations. Consequently, the court will not disturb the ALJ's decision because of the ALJ's frustration at the claimant's lack of preparedness.

**2.     The evidence in this case**

The claimant argues that the ALJ failed to evaluate his subjective complaints of pain, that the ALJ failed to ask the vocational expert "how an imminent heart attack would effect [sic] employment," and that the ALJ failed to consider high school records that prove that he was enrolled in special education classes.

*Complaints of Pain*

The Sixth Circuit has developed a two-part test to evaluate a claimant's assertion of disabling pain. First, the ALJ is to examine whether there is objective medical evidence of an underlying medical condition. If there is, then the ALJ is to examine whether the medical evidence confirms the severity of the alleged pain, or whether the medical condition is of such severity that it can reasonably be expected to produce the disabling pain. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). In evaluating the claimant's subjective complaints, the court gives great deference to the ALJ's finding regarding the claimant's credibility. *Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 230 (6th Cir. 1990). The ALJ noted several medical records from May 2002 through March 2003. These records confirm that the plaintiff complained of pain. However, they do not suggest the presence of medical conditions creating such pain as to render the claimant disabled. The medical records, viewed in concert with the ALJ's determination that the claimant was not credible, constitute substantial evidence that the claimant's pain did not render him disabled.

*The Hypothetical Question to the Vocational Examiner*

A hypothetical question to a vocational examiner must "accurately portray [the claimant's] individual physical and mental impairments." *Varley v. Sec'y of Health and Human Serv.*, 820 F.2d 777, 779 (6th Cir. 1987). Implicit in this rule is that the hypothetical question must portray the claimant's current impairments. Therefore, the ALJ did not err in not asking the vocational examiner "how an imminent heart attack would effect [sic] employment." Additionally, the court notes that although claimant's counsel had the opportunity to question the vocational examiner, he did not inquire as to the effect of "an imminent heart attack."

*Special Education Status*

The claimant has the burden of presenting evidence and proving the existence of a mental impairment. *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). When the ALJ decides whether the claimant suffers from an impairment, he looks to the evidence in the record at the time of his decision. *Id.* at 357. A reviewing body, such as a district court, may remand a matter to the ALJ if there is newly discovered evidence, that evidence is material, and the claimant had good cause for failing to present it to the ALJ. *Id.* The claimant argues that the ALJ should have examined his high school records before making any decision regarding the claimant's mental impairments. The claimant, however, failed to produce these records prior to the ALJ's decision, and has not shown good cause for failing to present the records in a timely fashion. Nor has the claimant shown how these records would show that he suffers from a more severe mental impairment than

6

that found by the ALJ. Therefore, the ALJ did not err in not considering the claimant's special education status.

### 3. New evidence

When new evidence becomes available, a district court may not consider that evidence when reviewing the ALJ's decision. *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Instead, the proper remedy is to remand the case so that the ALJ can consider the new evidence. *See id.*; *Sizemore v. Sec. of Health & Human Serv.*, 865 F.2d 709, 711 (6th Cir. 1988). The party seeking remand bears the burden of showing that remand is proper under the circumstances. *Sizemore*, 865 F.2d at 711. To meet this burden, the claimant must demonstrate that there is a reasonable probability that the results would have been different had the evidence been available to the ALJ. *Id.* Evidence of a claimant's aggravated or deteriorated condition is not relevant in such an inquiry because such evidence does not demonstrate the point in time that the disability began. *Id.* Where a claimant's health has seriously degenerated, the appropriate remedy is to initiate a new claim for benefits as of the date that the condition aggravated to the point of constituting a disabling impairment. *Id.*

The claimant has not shown that there is *any* probability that the ALJ would have ruled differently had any new medical evidence been available to him. Indeed, other than several pages of argument in his motion for summary judgment, the claimant does not present this court with any new relevant medical evidence. To

7

the extent that the claimant has suffered additional health problems, his remedy is to file a new claim for benefits, not to seek a remand of this matter to the ALJ. Accordingly,

**IT IS ORDERED** that the plaintiff's motion for summary judgment (DE 6) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's motion for summary judgment (DE 7) is **GRANTED**.

Signed on October 4, 2005

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY